NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH LIGGON,<br><br>              Plaintiff,<br><br>     v.<br><br>CLEMENTON POLICE DEPARTMENT,<br>et al.,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-3192 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

     Plaintiff Elizabeth Liggon brings this action pro se and in forma pauperis, alleging that Defendants Sergeant Robert Worrick and the Clementon Police Department discriminated against her or her granddaughter on the basis of race. For the reasons explained below, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2), without prejudice.

     1.   Because Plaintiff's application to proceed in forma pauperis discloses that she is indigent, the Court will permit the complaint to be filed without prepayment of fees, pursuant to § 1915, and order the Clerk of Court to file the Complaint.

     2.   Suits brought in forma pauperis are governed by 28 U.S.C. § 1915, even if the person bringing suit is not a prisoner. See Schneider v. Legal Servs. Corp., No. 08-5981, 2011

WL 53177 (D.N.J. Jan. 7, 2011) (applying § 1915(e)(2) to a case
not brought by a prisoner, citing Grayson v. Mayview State
Hosp., 293 F.3d 103, 109-10 (3d Cir. 2002)); Brooks v. Cent.
Dauphin Sch. Dist., No. 09-2482, 2010 WL 771627, at *4 (M.D. Pa.
Feb. 26, 2010) ("§ 1915(e)(e) applies to all in forma pauperis
complaints, and not just to prisoners"). Section 1915(e)(2)
requires the district court to dismiss the case, or any portion
thereof, if the court determines that "the allegation of poverty
is untrue" or if the action is "frivolous or malicious," "fails
to state a claim on which relief may be granted," or "seeks
monetary relief against a defendant who is immune from such
relief." Accordingly, the Court will screen the Complaint for
any claims that may be frivolous or malicious, that fail to
state a claim, or that seek monetary relief from a defendant
immune from such relief.

    3.    The Court accepts the factual allegations in
Plaintiff's three-page Complaint as true for the purposes of
this screening. Plaintiff's granddaughter was driving
Plaintiff's car when she turned left at an intersection and was
struck by an oncoming car. (Compl. [Docket Item 1] at 1.)
Plaintiff's car was totaled. (Id.) Plaintiff does not assert
that she was a passenger in the car at the time of the accident.
Rather, Plaintiff asserts that her granddaughter drove her to a
hospital for treatment of a severe stomach ache and that her

granddaughter, driving home from the hospital, was involved in the automobile accident. (Id.) Thus, it appears that Plaintiff was not herself involved in the accident. When Plaintiff's son attempted to obtain a copy of the police report for insurance purposes, the police did not provide it. (Id.) Plaintiff eventually obtained the report but noticed that "it did not reflect what [her granddaughter] said occurred." (Id. at 1-2.) The accident report, attached to the Complaint, states that "Vehicle 1 was traveling west on Rt. 30 in the inside lane. Vehicle 2 [driven by Plaintiff's granddaughter] was turning left from eastbound Rt. 30 onto northbound Gibbsboro Rd. The vehicles collided in the intersection." [Docket Item 1 at 5 (emphasis added)]. Plaintiff's own hand-drawn diagram of the accident differs from the official report only in that Plaintiff places Vehicle 1 in the right-hand lane of Rt. 30, not the inside turning lane. [Docket Item 1 at 5.] According to both accounts, the granddaughter turned against ongoing traffic. Plaintiff asserts that "Car 1 had to come out of Rite Aide parking lot or from behind car stopped in inside lane." Plaintiff asserts that the other driver, who is white, told her granddaughter, who is African-American, at the time of the accident: "'I am sorry I did not see you.'" (Id. at 2.)

4.   Plaintiff phoned the Clementon Police Department and

>          asked for a correct copy of what had occurred. The
>          sergeant agreed to correct it, he said it does not
>          matter the driver going straight has the right of way
>          over the person making a left hand turn, no matter
>          what lane they are in. I explained I would allow a
>          Judge and Jury to decide in this matter, there are
>          always extenuating circumstances. He was very nasty on
>          the phone with the Plaintiff . . . .

(Id. at 2.)

     5.   The section of the Complaint labeled "Cause of Action"

states: "The Defendant knows what he did otherwise why would he

agree to change it. We are tired of the overt Racism being

practiced by many New Jersey Police Officers there is just no

place for this continued behavior, those that practice it have

to be rooted out and fired." (Id. at 3.) Plaintiff demands $1.5

million in punitive and compensatory damages. (Id.)

     6.   The Court construes Plaintiff's claim as alleging

discrimination on the basis of race under the Equal Protection

Clause of the Fourteenth Amendment. To state a claim for race

discrimination under the Equal Protection Clause of the

Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, a plaintiff

must show that (1) she received different treatment from other

individuals similarly situated, (2) the discrimination was

purposeful, and (3) any disparate treatment was based on her

race. See Keenan v. City of Phila., 983 F.2d 459, 465 (3d Cir.

1992).

7.   Plaintiff's Complaint fails to state a claim upon which relief may be granted. The only interaction alleged between Plaintiff and Sergeant Worrick is a phone conversation in which Worrick "was very nasty" but nonetheless agreed to change the report by incorporating the granddaughter's version. "Nasty" behavior on the phone, without more, does not constitute a violation of equal protection. Plaintiff does not allege that Worrick used racial slurs, but even "the use of racial slurs without accompanying harassment or deprivation of a right is not a violation of equal protection." Salley v. Pa. Dep't of Corr., 181 F. App'x 258, 266 (3d Cir. 2006) (citing Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999)).

8.   Plaintiff sues on her own behalf and is not bringing this action on behalf of her granddaughter. Plaintiff does not plead that she has been injured as a result of any alleged discrimination against her granddaughter, and therefore Plaintiff lacks standing. "In the equal protection context, an injury resulting from governmental racial discrimination 'accords a basis for standing only to those persons who are personally denied equal treatment by the challenged discriminatory conduct.'" Doe ex rel. Doe v. Lower Merion Sch. Dist., 665 F.3d 524, 542 (3d Cir. 2011) (citing United States v. Hays, 515 U.S. 737, 744-45 (1995)). Plaintiff does not plead how the inaccurate report of her granddaughter's motor vehicle

accident caused her injury. She does not state that the report in any way interfered with her insurance claim or caused her other harm or that a corrected report would have cured any problem that she experienced. She pleads only that Sergeant Worrick "agreed to correct" the report, but did so in a nasty manner. The protections of the Equal Protection Clause do not impose a code of civility upon all interactions with the police unless the police action causes harm based upon the victim's race or other protected classification.

9.   The Court will dismiss the Complaint without prejudice for failure to state a claim and for lack of standing. Plaintiff may file an Amended Complaint seeking to cure these deficiencies within fourteen (14) days.

10.   An accompanying Order will be entered.


__May 30, 2014__                    __s/ Jerome B. Simandle__
Date                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge