NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH LIGGON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 14-3192 (JBS/AMD) |
| CLEMENTON POLICE DEPARTMENT, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

Plaintiff Elizabeth Liggon brings this action pro se and in forma pauperis, alleging that Defendants Sergeant Robert Worrick and the Clementon Police Department discriminated against her or her granddaughter on the basis of race. Because Plaintiff fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment, the Court will dismiss the Amended Complaint with prejudice, pursuant to 28 U.S.C. § 1915(e).

1. The Court draws the facts of this case from the Amended Complaint and accepts them as true for the purposes of this motion. Plaintiff alleges that her granddaughter, Brandi Liggon, drove her to the hospital to treat a severe stomach ache on or about March 15, 2014. While driving home from the hospital, the granddaughter was involved in a motor vehicle

accident when she turned left at the intersection of Route 30 and Gibbsboro Road and was hit by an oncoming vehicle. (Am. Compl. [Docket Item 4] at 1.) Plaintiff asserts that the other driver apologized for the accident, saying, "I am sorry I did not see you." (Id. at 3.) Plaintiff asserts that, while she remained bed-ridden, Defendant Clementon Police Department gave her son the "run around" when he tried to obtain a copy of the accident report for insurance purposes. (Id. at 1.) When Plaintiff finally obtained the report, she discovered that "the accident report did not reflect what [the granddaughter] said occurred." (Id. at 1-2.) The Amended Complaint does not explain how Plaintiff's account of the accident and the police's account differs, but in the original Complaint, Plaintiff pleaded that the oncoming vehicle was traveling on the right-hand lane, not the left-hand lane, as stated in the police report. Plaintiff attributes any discrepancy to racial discrimination, because her granddaughter is African-American and the other driver is white. (Id. at 2.) Plaintiff then called Sergeant Worrick and, according to Plaintiff, "[t]he sergeant agreed to correct" the report, but added that the change was immaterial because "the driver going straight has the right of way over the person making a left hand turn." (Id.) Plaintiff asserts that the sergeant "was very nasty on the phone . . . ." (Id.)

2

2.   On June 2, 2014, when the Court granted Plaintiff's application to proceed in forma pauperis, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e), and dismissed all claims without prejudice. The Court held that Plaintiff lacked standing and failed to state a claim, because she did not assert that she was injured by the alleged falsity of the police report and because she did not assert facts from which a reasonable jury could infer that Sergeant Worrick or the Clementon Police Department violated her Equal Protection rights.[1] The Court granted Plaintiff leave to attempt to cure the deficiencies by proposing an Amended Complaint.

3.   Plaintiff's Amended Complaint adds a paragraph explaining why she has standing to bring this suit:

> The Plaintiff believes she has standing because she is the person being sued. The Police Officer's Racist behavior towards her granddaughter is causing the Plaintiff to be sued. The Police Officers submitting a FRAUDULENT DOCUMENT IS CAUSING THE PLAINTIFF TO BE SUED! (See attachments)[.]

(Id. at 2.) The attached document is a letter to Plaintiff from a subrogation specialist from Esurance Insurance Co. of New Jersey, demanding that Plaintiff pay $1,341.34, the amount of damage caused by the accident in excess of the amount covered by insurance. [Docket Item 4 at 5.] The letter also asserts that

---

[1] The Court will not repeat its summary of the applicable law here. The Court hereby incorporates its previous discussion of the law in the previous Memorandum Opinion. [Docket Item at 1-2, 4-5.]

3

"[o]ur investigation has determined that the liability for the accident rests with you." [Id.]

4. Plaintiff also attaches a one-page written statement by her granddaughter, labeled as an affidavit. Brandi Liggon swears that she

> came to a pause at the center of the intersection to get in position to turn after the oncoming traffic was clear to complete the left turn. All oncoming traffic had clear[ed] for the moment so I began to finish my turn and in the middle of the turn I was hit with much force on the passenger side of the car making the airbags eject.

[Id.] She states that when the police arrived and asked her what happened, she said: "I was making a left turn and I was hit and I am ok." [Id.]

5. Pursuant to 28 U.S.C. § 1915(e), the Court will screen the Amended Complaint and will dismiss any claim that the Court determines "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii). See also Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (articulating the pleading standard).

6. As a preliminary matter, this Court makes no determination of fault for the underlying accident in dispute. The Court expresses no opinion as to the accuracy or credibility of Plaintiff's evidence, including the police report. If Plaintiff is covered by a New Jersey auto insurance policy, the language of that policy and New Jersey law will govern what

rights Plaintiff has to dispute issues of liability and damages for the accident.

7. The Amended Complaint fails to state a federal claim on which relief may be granted. The newly pleaded facts, rather than supporting Plaintiff's claim, only reasonably support the conclusion that the police report reflected what Brandi Liggon told Sergeant Worrick. Plaintiff's granddaughter asserts that she told the police that she was turning left and was hit by an oncoming car as she was completing her turn. The police report, attached to the original Complaint but not attached to the Amended Complaint, accordingly states: "Vehicle 2 [the Liggon vehicle] was turning left from eastbound Rt. 30 onto northbound Gibbsboro Rd. The vehicles collided in the intersection." [Docket Item 1 at 5.] Although the police report depicts the oncoming vehicle as traveling on the inside lane of Route 30, and Plaintiff asserts (in the original Complaint) that the oncoming car was traveling in the right-hand lane, Plaintiff does not explain the significance of such a distinction.

8. Furthermore, it may not be reasonably inferred that the lane discrepancy in the report caused Plaintiff's injury. New Jersey motor vehicle laws state that a "driver of a vehicle within an intersection intending to turn to the left shall yield to a vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an

5

immediate hazard," without mentioning lanes of traffic. N.J.S.A. 39:4-90. Thus, the law requires the turning driver to yield to any approaching vehicle that poses an immediate hazard. Although Brandi Liggon states she yielded appropriately to oncoming traffic, the Amended Complaint offers no explanation for how an oncoming car suddenly appeared in the intersection or could have crashed into the granddaughter if, indeed, she had a clear view of the oncoming traffic and reasonably determined it was safe to turn. The Court is bound to consider only the facts contained in the Amended Complaint and reasonable inferences that may be drawn therefrom. Based on the limited facts pleaded and asserted in Brandi Liggon's statement, a reasonable inference to draw is that Brandi Liggon somehow failed to appreciate the immediate hazard of an approaching vehicle or did not have a clear view of the intersection when she initiated the turn or exercised bad judgment in making the turn. No facts pleaded in the Amended Complaint suggest any other scenario. The Amended Complaint therefore fails to allege a plausible claim of an Equal Protection Clause violation, because it fails to identify how the report intentionally misrepresents the accident based upon racial considerations.

    9.   Plaintiff's theory of her granddaughter's non-negligence appears to hinge on the allegation that the oncoming driver was at fault, because that driver told Brandi Liggon, "I

6

am sorry I did not see you." (Am. Compl. at 3.) However, neither Plaintiff in the Amended Complaint nor her granddaughter in her written statement asserts how the oncoming car appeared in the intersection without the granddaughter having seen it. Brandi Liggon does not assert that she explained an alternate scenario to the police, which Sergeant Worrick disregarded because of her race. Her statement asserts that she told the police that she was turning and was struck by the oncoming vehicle. No civil rights action lies merely because Sergeant Worrick's report reflects that statement. Again, the question of fault is not for this Court to adjudicate.

    10.  Even assuming that the oncoming driver had been at fault and should have yielded to Brandi Liggon's vehicle, Plaintiff pleads no facts from which it may be reasonably inferred that racial animus motivated any of Sergeant Worrick's actions. The police report itself does not assign blame for the accident. The report contains exactly what Brandi Liggon now swears she told the police: "I was making a left turn and I was hit and I am ok." [Docket Item 4 at 6.] Plaintiff even pleads that "[t]he sergeant agreed to correct" the report, although Plaintiff does not specify what he agreed to correct or why.[2]

---

[2] Plaintiff accuses the Court of "illegally confer[ring] with the Defendants," because the prior Memorandum Opinion construed Plaintiff's statement that "[t]he sergeant agreed to correct it" to mean that he agreed to correct the report to reflect the

7

(Am. Compl. at 2.) The Amended Complaint provides no basis for finding that either Sergeant Worrick or the Clementon Police Department violated Plaintiff's civil rights by discriminating against her on the basis of race.

11.  The Civil Rights Act does not give rise to a cause of action as to the accuracy of a witness statement in a motor vehicle case. Plaintiff's rights to a determination of liability for the happening of her granddaughter's accident and damages caused thereby are preserved for an appropriate state forum, and this Court expresses no opinion on such issues. The Court will dismiss the Amended Complaint with prejudice. An accompanying Order will be entered.


**June 16, 2014**                              **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               Chief U.S. District Judge

---

error identified by Plaintiff or her granddaughter. No one has conferred with any party in this case or obtained information beyond what Plaintiff herself has supplied in her submissions. Plaintiff's unfounded accusation in her Amended Complaint implies that the Court's inference was in error, but Plaintiff does not further explain Worrick's agreement to correct the report or suggest what else such an agreement could mean, and no other plausible meaning occurs to this Court.